IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GREGORY D HORTON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-02540-B (BT) |
| | § | |
| NATASHA KING, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are *pro se* Plaintiff Gregory D. Horton's filings in which he complains about alleged hate crimes that have left him homeless, white supremacy, false imprisonment, and the need for federal criminal action against individuals who have harmed him and his family.

Horton proceeds *in forma pauperis*, and his case should be dismissed under 28 U.S.C. § 1915(e)(2)(B).

## Background

Horton has filed three documents containing his allegations. ECF No. 3, ECF No. 5, ECF No. 7. Giving his pleadings a most liberal interpretation, Horton appears make the following claims and requests: (1) his daughters—who have been held captive by their uncle, Michael King, for years after many acts of exploitation, molestation, and "pornography"—need to be immediately released from King's residence; (2) a "white supremacy Christian religion," sometimes referred to by Horton as a cult, has killed 14 or more of Horton's friends and family members,

including his two sons, his mother, and his father; (3) hate crimes and bias have left Horton homeless; (4) federal criminal charges should be brought against Natasha King (who is Michael King's sister and possibly the mother of Horton's children) for her role in the sexual exploitation of Horton's children and for trying to kill Horton; (5) federal criminal charges should be brought against Michael King and other members of the "evil cult religion" who have performed demonic rituals on Horton's children and encouraged or participated in their sexual exploitation; (6) federal criminal charges should be brought against someone who arranged for Horton to be shot; (7) the white supremacy cult involves whites, African-Americans, and Hispanics, as well as hit men from the Dallas Police Department and the FBI; (8) the white supremacy cult raped a woman, infested the African American community with drugs, and flooded prisons with shank knives; (9) Horton "went through false imprisonment"; (10) Horton's uncle was charged with "tampering with a minor"; (11) Horton must pay child support for a baby that is not his; (12) Horton sold "judicial system" drugs to federal agents; (13) Horton's First and Fourteenth Amendment rights have been violated; (14) federal agents are holding Horton's daughters hostage; (15) an investigation is needed as to why several members of "Faith of Memorial" church and Turning Point Missionaries—including Natasha King—have targeted Horton's family; (16) the Dallas Police

Department put "drugs" in Horton's hat; and (17) all criminal charges against Horton should be dropped. ECF No. 3 at 1-8; ECF No. 5 at 1-8; ECF No. 7 at 1-2.[1]

Horton also filed documents with his pleadings including City of Dallas Police Department Incident Reports purportedly showing that Gregory Dwight Horton (possibly Horton's son) and Zacchaeus Banks were victims of "capital murder"; a notice from the City of Dallas explaining that it had received Horton's public information request for records related to that capital murder case; and citizen complaints that Horton filed against Dallas police officers. ECF No. 3 at 9-22; ECF No. 7 at 5, 7.

## Legal Standards

Under 28 U.S.C. § 1915(e)(2)(B), a district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl.*

---

[1] Horton has presented similar allegations before. In *Horton v. FBI, et. al.*, No. 3:23-cv-2138-N-BK, Horton filed a complaint referencing many issues complained of here, such as "13 or more premeditated murders"; child exploitation; and the FBI, Dallas Police Department, and "Christian Religion" targeting his family. *See* 3:23-cv-2138-N-BK, ECF No. 7 at 2 (FCR). That case was dismissed for lack of subject matter jurisdiction. ECF Nos. 8-9. And, in *Horton v. Natasha King*, No. 3:23-cv-2049-E-BN, Horton submitted a filing seeking to press charges against Natasha King. *See* ECF No. 5 at 1 (FCR). That case was also dismissed for lack of subject matter jurisdiction. ECF Nos. 6-7.

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A court may dismiss a complaint as frivolous when it is based on an indisputably meritless legal theory or when the factual contentions are "clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). The latter category encompasses allegations that describe "fanciful, fantastic, and delusional" scenarios, or that "rise to the level of the irrational or the wholly incredible." *Id.* at 33.

**Analysis**

Horton's case should be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B).

Because he claims that his rights under the First and Fourteenth Amendments were violated, mentions false imprisonment, and checked a box on a civil cover sheet indicating that this case involves civil rights (ECF No. 7 at 3), the Court analyzes his claims under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must establish: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the violation. *Whitley v. Hanna,* 726 F.3d 631, 638 (5th Cir. 2013). "The traditional definition of acting

under color of state law requires that the defendant in a § 1983 action have exercised power' possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).

  1. Horton Fails to Allege that Most of the Actors in his Pleadings Acted Under Color of State Law.

There is no indication that most of the individuals referenced in Horton's pleadings, such as his friends and family members, acted under "color of state law." To the extent he is suing his friends, family members, or any other private, non-state actors under § 1983, such claims are meritless without plausible allegations of state action on their part, which Horton fails to provide. *See Lyons v. Sheetz*, 834 F.2d 493, 495 (5th Cir. 1987) (affirming dismissal of action as frivolous where there was not a "hint of state action"); *Guillotte v. Lafourche Par.*, 2022 WL 775339, at *4 (E.D. La. Feb. 11, 2022), *rec. accepted* 2022 WL 742473 (Section 1983 claims were frivolous without plausible allegations that defendants were acting under color of state law).

Thus, any § 1983 claims that Horton is trying to raise against his friends, family members, or other private, non-state actors are frivolous and should be dismissed.

  2. Horton's Allegations Against State Actors are Factually Frivolous.

Horton mentions some entities that could be state actors like the Dallas Police Department, the FBI, the Federal Government, and "Federal Drug Unit

5

Agents," but his allegations against these entities appear to stem from their alleged involvement in a conspiracy involving a "white supremacy" religious cult that targeted and killed his friends and family members. *See* ECF No. 3 at 6. He claims, for example, that individuals from the FBI and DPD acted as hit men, killing his family members at an unspecified time under unspecified circumstances; he claims that federal agents are holding his daughters hostage. *See* ECF No. 3 at 6; ECF No. 7 at 2. Liberally construing his allegations, he contends that all of this violated his First and Fourteenth Amendment rights. ECF No. 3 at 8.

But such allegations are fantastic, factually frivolous, and insufficient to state a claim. *Compare*, *e.g.*, *Deng v. Federal Bureau of Investigation Agencies*, 2021 WL 742297, at *2 (N.D. Tex. Jan. 26, 2021), *rec. accepted* 2021 WL 735207 (N.D. Tex. Feb. 25, 2021), *aff'd*, 850 F. App'x 323 (5th Cir. 2021) (recommending dismissal of complaint as frivolous where "[p]laintiff essentially claims, without ever listing any actual interactions with the FBI, FBI Agencies, or any FBI employees, that the FBI has stalked him since birth, targeted him, surveilled him, stolen his identity, stolen his thoughts, implanted a microchip in his knee, copied his speech/voice, stolen his thoughts, and generally harassed him since birth"); *Sanchez v. United States Dept. of Justice*, 2023 WL 4442000, at *5 (E.D. Tex. May 1, 2023), *rec. accepted* 2023 WL 4424824 (E.D. Tex. July 10, 2023) (finding that the plaintiff's claims should be dismissed as factually frivolous when the plaintiff claimed that an ATF Agent and a city manager "instigated a conspiracy involving a myriad of individuals in Plaintiff's schools, work, and public life," resulting in

6

attempts on the plaintiff's life); *see also Garrett v. Muller*, 2012 WL 1682585, at *1 (D. Or. May 11, 2012) (finding irrational and incredible complaint alleging a vast government conspiracy of many members of the military, FBI agents, the Catholic church, public defenders, judges, and the U.S. Secretary of Defense to take the plaintiff's child away from her, and to generally torture and harass her); *Marshall v. Stengal*, 2010 WL 1930172, at *3 (W.D. Ky. May 12, 2010) (finding allegations to cover up the wrongful actions of a multitude of state and federal officials, who had been targeting, terrorizing, and tormenting the plaintiff for several years, to be fantastic and delusional).

Thus, any claims that Horton presents against state actors based on their involvement in a "white supremacy" religious cult are factually frivolous and should be dismissed.

3. <u>Horton's False Imprisonment Claim, to the Extent Alleged, is Untimely</u>.

Horton also vaguely alleges that he was falsely imprisoned. He claims that "DPD" "put drugs in [his] hat." ECF No. 5 at 7. He attaches a citizen complaint form in which he states that this incident happened in July 2002 and caused him to be sent to prison on a "drug case" for violating the terms of his "deferred felony," which was also "preplanned." ECF No. 7 at 7. To the extent Horton is attempting to state a false arrest/imprisonment claim based on DPD officers putting drugs into his hat and then arresting him, it is untimely and accordingly frivolous.

"The Court may raise the limitations or prescription issue sua sponte in its frivolousness review of a civil suit." *Reynolds v. Titus Cty.*, 2023 WL 8274637, at

7

*5 (E.D. Tex. Oct. 10, 2023), *rec. accepted* 2023 WL 8253738 (E.D. Tex. Nov. 29, 2023) (citing *Hutchinson v. Fleischman*, 2022 WL 4112234, at *5 (E.D. La. July 26, 2022)) (citing, in turn, *Wilke v. Meyer*, 345 F. App'x 944, 945 (5th Cir. 2009) (per curiam); *Lopez-Vences v. Payne*, 74 F. App'x 398 (5th Cir. 2003) (per curiam); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)). "'Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.'" *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

For a § 1983 action, the Court looks to the forum state's personal-injury limitations period. *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). In Texas, that period is the two-year statute of limitations for personal injury actions. *Mosley v. Houston Cmty. Coll. Sys.*, 951 F. Supp. 1279, 1288 (S.D. Tex. 1996) (two-year statute of limitations in Tex. Civ. Prac. & Rem. Code § 16.003 applies to § 1983 claim). Claims for false arrest accrue upon the arrest and run until legal process was initiated against the defendant. *Wallace v. Kato*, 549 U.S. 384, 390 (2007).

Horton's arrest occurred over 20 years ago in July 2002. ECF No. 7 at 7. Any false arrest/imprisonment claim based on that arrest is time-barred because he filed the complaint in this case in November 2023, well beyond the expiration of the two-year limitations period, and there is no basis from the pleadings to find equitable tolling. *See Reynolds*, 2023 WL 8274637, at *6.

8

4. Horton Fails to Allege Criminal Law Violations and Is Not Entitled to Enforce Criminal Statutes.

Horton references several criminal acts and commands that federal criminal charges be brought against individuals who have wronged him or his family members. *See*, *e.g.*, ECF No. 3 at 5. But if he is seeking to file a criminal complaint or allege criminal law violations, his request lacks a legal basis and cannot support a federal cause of action. Criminal statutes do not create a private right of action. For a private right of action to exist under a criminal statute, there must be "a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone." *Cort v. Ash*, 422 U.S. 66, 79 (1975), *overruled in part by Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979); *see Suter v. Artist M.*, 503 U.S. 347, 363 (1992) (concluding that the party seeking to imply a private right of action bears the burden to show that Congress intended to create one).

Horton fails to allege sufficient facts to meet that burden. Moreover, "decisions whether to prosecute or file charges are generally within the prosecutor's discretion, and, as a private citizen, [Horton] has no standing to institute a federal criminal prosecution and no power to enforce a criminal statute." *Gill v. Texas*, 153 F. App'x 261, 262-63 (5th Cir. 2005). Horton's claims under criminal statutes or requests for this Court to enforce criminal statutes are frivolous and should be dismissed.

9

5. Horton Is Not Entitled to Habeas Relief Under § 1983.

Horton briefly asks that unspecified criminal charges against him be dropped. ECF No. 3 at 8. But that kind of relief is not available under § 1983. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."). Thus, to the extent that Horton asks the Court to dismiss his criminal charges in this § 1983 civil rights action, such claims are meritless and should be denied.[2]

In sum, Horton's claims are legally and factually frivolous, so the Court should dismiss this case with prejudice under 28 U.S.C. § 1915(e)(2)(B).

**Leave to Amend**

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998). But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.*

---

[2] Given the vague and brief nature of the request for habeas-type relief—it appears in a complaint otherwise focused on obtaining relief under §1983—the Court does not construe Horton's pleadings as a petition for a writ of habeas corpus, so severance is unwarranted. *See, e.g., Whitfield v. Bd. of Pardons and Parole,* 2011 WL 5986013, at *2 n.1 (N.D. Tex. Sept. 14, 2011), *rec. accepted* 2011 WL 5980038 (N.D. Tex. Nov. 30, 2011).

Horton has already filed three detailed pleadings setting forth his theories. And the opportunity to object to this recommendation provides him with another chance to state his best case and explain how he could cure the deficiencies noted in this recommendation through amendment. *See, e.g.*, *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) ("A court should freely give leave to amend when justice so requires . . . but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave.") (citations omitted). Unless he does that, further leave to amend is not necessary or warranted.

## Recommendation

The Court should dismiss Horton's case with prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED

Signed December 21, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

11

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).